No. 29,392.

THE FORT MORGAN BEAN COMPANY, *Appellee*, v. THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, *Appellant*.

(288 Pac. 589.)

Opinion filed June 7, 1930.

*H. M. Langworthy, Byron Spencer* and *Frank H. Terrell*, all of Kansas City, Mo., for the appellant; *H. J. Nelson*, of St. Joseph, Mo., of counsel.

*Grant W. Harrington*, of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff obtained judgment for a freight overcharge on a carload of beans shipped from Fort Morgan, Colo., to Safford, Ariz., and the defendant appeals.

The evidence consisted largely of an agreed statement of facts, as follows:

"It is hereby stipulated and agreed by and between the plaintiff and defendant in the above-entitled cause, by and through their respective attorneys, that the following facts are true and that the proof thereof other than by this stipulation is hereby waived:

"1. That the plaintiff is a corporation duly organized and existing under and by virtue of law and engaged in the business of buying, selling, shipping and dealing in dried beans, with a principal place of business in Fort Morgan, Colo.

"2. That the defendant is a corporation duly organized and existing under

and by virtue of law and engaged in the business of maintaining and operating a railway system as a common carrier for hire, with lines in the state of Colorado and elsewhere and connecting with other common carriers.

"3. That on the 27th day of November, 1925, the plaintiff was the owner and holder of a paid freight bill on 48,500 pounds of dried beans, which had, prior to said date, arrived in Fort Morgan, Colo., having originated at Atwood, Colo., upon which the correct proportional rate of 24 cents per cwt. had been paid; and, that the plaintiff also was the owner and holder of a paid freight bill on 9,560 pounds of dried beans which had prior to said date arrived in Fort Morgan, Colo., having originated at Buckingham, Colo., upon which the correct proportional rate of 41½¢ per cwt. had been paid.

"4. That on the 27th day of November, 1925, the plaintiff in the usual course of business loaded into car 230441 N. Y. C. on the tracks of the defendant at Fort Morgan, Colo., 60,450 pounds of dried beans, the property of the plaintiff, for transportation and delivery to the order of the plaintiff at Safford, Ariz.; that thereupon defendant accepted said shipment as a common carrier for hire and as evidence of its acceptance of said shipment and of its contract to transport and deliver the same, issued to plaintiff, its order bill of lading therefor, and, that plaintiff surrendered its paid freight bills on the said shipments from Atwood and Buckingham, Colo., described aforesaid.

"5. That thereafter the defendant and its connecting carriers transported and delivered said shipment to Safford, Ariz., where, upon the surrender of the bill of lading issued aforesaid, delivery of the said shipment was made to the order of the plaintiff.

"6. That the defendant has charged and collected of the plaintiff, the total sum of $773.23 as charges upon said shipment, $680.33 thereof being prepaid by plaintiff, and the balance of $92.90 being paid by plaintiff upon the demand of the defendant on April 2, 1929.

"7. That the above charges were based and computed on the rates provided for in the lawfully published tariffs on file with the interstate commerce commission at the time, being T. C. F. B. Tariff 1-X, Countiss I. C. C. 1147, item 6230, page 549, and note 25, page 154, in connection with item 4005, page 448, and rule 8, notes 1 and 2, page 182, which provided for a rate upon the transit tonnage of said shipment, being 48,500 pounds from Atwood, Colo., and 9,560 pounds from Buckingham, Colo., of $1.44 per cwt. to Bowie, Ariz., plus $0.07 arbitrary rate from Bowie to Safford, Ariz., plus $0.035 per cwt. transit charge as provided by item 1005, G. F. O. 3457L, I. C. C. 16409; and, that on the nontransit tonnage of said shipment, being 2,390 pounds from Fort Morgan, Colo., to Bowie, Ariz., said T. C. F. B. Tariff 1-X, Countiss I. C. C. 1147, item 1540, page 306, and note 25, page 130, provided for a rate of $1.28 per cwt., plus $0.07 per cwt. arbitrary rate from Bowie to Safford, Ariz., as aforesaid.

"8. That the lawfully published tariffs on file at the time with the interstate commerce commission, being T. C. F. B. Tariff 1-X, item 6665, at page 565, provided for a rate on a shipment of dried beans of $1.05 per cwt. from Cheyenne, Wyo., to Phoenix, Ariz., and a $0.07 per cwt. arbitrary rate from Bowie, Ariz., to Safford, Ariz., as aforesaid.

"9. That on or about the 6th day of April, 1928, the plaintiff made and filed its claim in writing with the defendant for an overcharge upon the said shipment.

"10. That the stations of Atwood, Buckingham and Fort Morgan, in the state of Colorado, and Phœnix, in the state of Arizona, are all stations upon the line of the defendant and its connecting carriers, on the same line or route and in the same direction, and that said distance is a shorter distance than the distance between Cheyenne, Wyo., through Bowie to Phœnix, Ariz., and said shorter distance is included in the longer distance from Cheyenne, Wyo., to Phœnix, Ariz., and in the same direction on the same line or route.

"11. That plaintiff's alleged cause of action, if any, is based upon an alleged violation of the laws and statutes of the United States and more specifically of the section designated as section 4 of the interstate commerce act, which said section provides, in substance, that it shall be unlawful for any common carrier to charge or receive any greater compensation for the transportation of goods for a shorter haul than for a longer distance over the same line or route in the same direction, the shorter distance being included within the longer distance.

"12. That either party may introduce in evidence, without further identification or certification, such tariffs and regulations in relation to the question of the charges applicable to the shipment in controversy, subject however, to objections on the grounds of immateriality and irrelevancy; and, further, that either party may offer any other and further testimony or proof on their behalf, but the rights of the respective parties to timely object thereto, is hereby reserved."

Some additional evidence was introduced.

The court made findings of fact as follows:

"1. The shipment of dried beans in controversy in this action originated at the towns of Buckingham and Atwood and Fort Morgan, in the state of Colorado, and moved to Safford, in the state of Arizona, the defendant being the initial carrier.

"2. Transcontinental Freight Bureau Westbound Tariff No. 1-X, in which the defendant was a participating carrier, governs this shipment and determines the proper freight charge to be made and collected for the shipment.

"3. Under this tariff the proper freight rate to have been charged on this shipment on the 27th day of November, 1927, when the shipment moved, was $541.29.

"4. The defendant charged and collected on the 27th day of November, 1927, the sum of $680.33. This was an overcharge of $156.07.

"5. On April 2, 1928, the defendant charged and collected an additional sum of $92.90 as freight upon this shipment. This was an additional overcharge of $92.90."

The court reached the following conclusion of law:

"The plaintiff should recover of the defendant the sum of $231.94 with interest at the rate of 6 per cent per annum on $156.07 from the 27th day of November, 1927, and on $92.90 from the 2d day of April, 1928, or a total sum of $274.35."

■ The defendant contends that there was no overcharge on freight charged the plaintiff, and that there was no violation of section 4 of the interstate commerce act. Section 4 of the interstate commerce act (U. S. C. A., title 49, § 4), so far as material, reads:

"It shall be unlawful for any common carrier subject to the provisions of this chapter to charge or receive any greater compensation in the aggregate for the transportation of passengers, or of like kind of property, for a shorter than for a longer distance over the same line or route in the same direction, the shorter being included within the longer distance . . ."

According to paragraphs 7 and 8 of the agreed statement of facts, the defendant did charge the plaintiff more than the tariff authorized in violation of the quoted provisions of section 4 of the interstate commerce act.

■ The defendant argues that the plaintiff did not prove any special damage on account of the overcharge. The action is not one to recover damages on account of the overcharge, but is one to recover the overcharge. For that reason it was not necessary to prove special damages. All that was necessary to prove was that there had been an overcharge. The plaintiff was entitled to recover the amount of the overcharge without any proof of damage other than the overcharge itself.

■ The defendant argues that the district court had no jurisdiction to try the action. In *Thomas v. Chicago, B. & Q. Rld. Co.,* 127 Kan. 326, 273 Pac. 451, this court said:

"A state court has jurisdiction of an action for damages against a railway carrier for the exaction of a rate in excess of its own official schedules, where the reasonableness of the scheduled freight rate is not assailed and where no question affecting the power or administrative policy of the interstate commerce commission is involved." (Syl. ¶ 4.)

In *Kellogg Huff Grain Co. v. Chicago, R. I. & P. Rly. Co.,* 127 Kan. 577, 274 Pac. 272, this court adhered to that rule and declared that—

"The allegations of plaintiff's petition in an action to recover damages for an alleged overcharge for the shipment of a carload of grain, in excess of the defendant carrier's own official tariff and rules concerning credit to be given for paid freight bills to a primary market on grain reconsigned to points beyond such primary market, considered and held that the district court had jurisdiction of the cause and its order dismissing the action was erroneous." (Syl.)

The judgment is affirmed.