No. 29,447.
No. 29,450.

THE HODGSON-CAUTHORN GRAIN COMPANY, *Appellee,* v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

(293 Pac. 520.)

Opinion filed November 8, 1930.

*Luther Burns* and *J. E. DuMars,* both of Topeka, for the appellant.
*Grant W. Harrington,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff in one of these actions recovered a judgment against the defendant for $31.86, and in the other for $33.73, and $50 attorneys' fees in each action taxed as costs therein. The defendant appeals in both actions.

Each action was for the recovery of an overcharge on frieght paid on an interstate shipment of corn from Kansas City, Kan., one to Edgerton, and the other to Hord's Spur, in Missouri. The entire shipments of corn from Kansas City to the destination points named were over the defendant's line of railroad.

Findings of fact and conclusions of law were made in each case. They were identical except as to destinations of shipments and amounts involved. They follow:

"1. That on May 24, 1924, the Hodgson-Davis Grain Company, now known

as the Hodgson–Cauthorn Grain Company, by reason of a change in the corporate name, loaded 80,000 pounds of bulk corn into defendant's freight car, C. N. W. No. 82896, at Kansas City, Mo., for transportation over the line of the defendant's railway to Edgerton, Mo.

"2. That at the same time and place the plaintiff surrendered to the defendant certain paid freight bills showing that 80,000 pounds of bulk corn, the property of the plaintiff, had originated beyond Kansas City.

"3. That the defendant accepted said shipment, received and retained the said freight bills showing that the shipment originated beyond Kansas City, and issued to plaintiff its bill of lading upon which a notation was made of the said freight bills so surrendered.

"4. That the defendant thereafter transported said shipment to Edgerton, Mo., there made delivery, and demanded of and collected from the plaintiff as its freight charges, the sum of $56, or a freight rate of 7 cents per hundred pounds.

"5. That Edgerton, Mo., is an intermediate station on the line of the defendant's railway between Kansas City, Mo., and Leavenworth, Kan.

"6. That at the time this shipment moved defendant's tariff No. 10693-S was in force and effect. Item 555 of this tariff provided for a rate of 4 cents per hundred pounds on shipments of corn between Kansas City, Mo., North Kansas City, Mo., and St. Joseph, Mo., and Atchison, Kan., and Leavenworth, Kan., but with the provision that this rate applied only on shipments originating beyond.

"7. That there are no rates published in the said tariff No. 10693-S for intermediate stations on shipments of corn originating beyond the stations mentioned, but the said tariff does carry on its title page the statement that it is issued by authority of rule 77 of the interstate commerce commission tariff circular No. 18-A, and that by reason of such authority rates are not made applicable to all intermediate points.

"8. That, taken individually, Item 555 of defendant's tariff No. 10693-S, which fixes the rate of 4 cents per hundred pounds on shipments of corn between Kansas City, Mo., North Kansas City, Mo., and St. Joseph, Mo., and Atchison, Kan., and Leavenworth, Kan., and which applies only on shipments originating beyond, does not contain and refer by a proper reference mark to a note showing that the defendant has been granted permission by the interstate commerce commission to maintain a higher rate to intermediate stations on said line of railway.

"9. The movement of grain or other commodities from Kansas City to Leavenworth over the line of the defendant would be northeast over the main line to Cameron, thence over the branch line from Cameron to Leavenworth, a distance of 113.8 miles. The distance by the shortest single line of railway (Chicago Great Western) is 24.7 miles.

"10. Edgerton is on defendant's Leavenworth branch between Cameron and Leavenworth.

"11. At the time of the shipment here involved the defendant had in effect, as shown by tariffs lawfully on file with the interstate commerce commission, between Kansas City, Leavenworth and Atchison and St. Joseph, a proportional rate on corn of four cents (4c) per hundred pounds, as shown by

Rock Island tariff 10693-S, and at the same time a flat rate of seven cents (7c) per hundred pounds as shown by Rock Island tariff 29329-F, between Kansas City and Edgerton, Mo. The movement was interstate, as the car originated in Kansas and moved to stations in Missouri.

"12. The petition in case No. 30740-A was filed and summons issued on May 23, 1927.

"13. The bill of lading in this case was made in the office of the Hodgson-Davis Grain Company and thereafter presented to an agent of the railway company for signature.

"14. At the time of the movement of the car involved in this suit, certain tariffs, hereinbefore mentioned, were in force and effect, providing for a flat rate or charge of seven cents (7c) per hundred pounds on corn in car lots between Kansas City and Edgerton. Tariffs also were in force and effect providing for a proportional rate of four cents (4c) per hundred pounds between Kansas City, Mo., and Leavenworth, Atchison and St. Joseph, respectively. No published proportional rate was provided by the tariff in force and effect between Kansas City and Edgerton on corn.

"15. Rock Island tariff 10693-S shows on the title page that it contains local joint and proportional rates on classes and commodities between lower Missouri river crossings and between lower Missouri river crossings and upper Missouri river crossings; the lower Missouri river crossings being Kansas City and Leavenworth, Atchison and St. Joseph; the upper Missouri river crossings being Omaha, South Omaha and Council Bluffs.

"16. Item No. 25, page 4 of said tariff 10693-S, contains the following statement: 'By authority of rule 77 of interstate commerce commission circular No. 18-A, rates in individual items, which are made subject to this item, are not made applicable to all intermediate points. Upon reasonable request therefor, rates which will not exceed those in effect to more distant points will, under authority granted by the interstate commerce commission, be established to any intermediate point hereunder, upon one day's notice to the commission and to the public.' Item 555 in said tariff makes no reference to this rule.

"17. The title page of said tariff also contains the following statement:

"'This tariff contains rates that are departures from the terms of the amended fourth section of the act, to regulate commerce, under authority of interstate commerce commission, fourth section, order 7163, of January 10, 1901, except as otherwise noted herein.'

"The fourth section order No. 7163 of the interstate commerce commission provides:

"'It is further ordered, that the Chicago, Rock Island & Pacific Railway Company be, and it is hereby authorized to continue and to establish rates on classes and commodities between Kansas City, Mo., and other lower Missouri river cities and points taking the same rates as set forth in tariff of the Chicago, Rock Island & Pacific Railway Company, I. C. C. No. C-8687, and points intermediate thereto the same as the rates contemporaneously in effect on like traffic between the same points via the direct lines, and to maintain higher rates from, to, and between intermediate points, provided . .'

"Conclusions of Law.

"1. That under the provisions of defendant's tariff No. 10693-S plaintiff was entitled to have his shipment moved from Kansas City, Mo., to the intermediate station of Edgerton, Mo., at a rate of 4 cents per 100 pounds.

"2. That plaintiff was overcharged on his shipment by the defendant in the amount of $24.

"3. That plaintiff is entitled to recover from the defendant the sum of $24 with interest at the rate of 6 per cent per annum from the 24th day of May, 1924, or the sum of $31.86, together with its costs of suit."

The findings recite that each shipment was from Kansas City, Mo., but it was admitted on the trial that each was from Kansas City, Kan.

1. The third specification of error is as follows:

"The trial court erred in finding there was any tariff in effect at the time the shipments moved providing a rate of four cents per hundredweight on movement from Kansas City to points of destination, either proportional or flat rates."

That finding is found in the first conclusion of law made by the court. Complaint concerning that finding should be considered with the specification of errors numbered four, six, and seven, which are complaints that judgment was erroneously rendered for the plaintiff.

A proper determination of this controversy, as it is presented to this court, depends on the findings of fact. The shipments were made from beyond Kansas City to Kansas City and then to Edgerton and Hord's Spur. At the time the shipments were made there was a flat rate on corn of seven cents per hundred pounds between Kansas City and Edgerton and a proportional rate of four cents between Kansas City and lower Missouri river crossings on shipments originating beyond Kansas City. The shipments involved in the present action originated beyond Kansas City. Edgerton and Hord's Spur were between Kansas City and lower Missouri river crossings.

The court found that the defendant did not comply with the conditions of the order of the interstate commerce commission giving to the defendant the privilege of applying higher rates to intermediate points between Kansas City and Leavenworth.

Under the findings of fact, the proper proportional rate to be charged from Kansas City to Edgerton and Hord's Spur was four cents.

2. The defendant contends that the plaintiff is seeking to recover for a violation of the long-and-short-haul clause of the fourth section of the interstate commerce act, and that for that reason the district court did not have jurisdiction to hear and determine the subject matter of these actions. The plaintiff is seeking to recover for an overcharge on freight under the tariff on file. The question presented is controlled by *Thomas v. Chicago, B. & Q. Rld. Co.,* 127 Kan. 326, 273 Pac. 451, and *Kellogg Huff Grain Co. v. Chicago, R. I. & P. Rly. Co.,* 127 Kan. 577, 274 Pac. 272, and *Fort Morgan Bean Co. v. Chicago, B. & Q. Rld. Co.,* 130 Kan. 859, 288 Pac. 589, where it has been disposed of adversely to the contention of the defendant.

3. The defendant contends it was error for the court to render judgment in favor of the plaintiff for attorneys' fees. That question has also been determined adversely to the defendant by *Thomas v. Chicago, B. & Q. Rld. Co.,* 127 Kan. 326, 273 Pac. 451.

Under the findings of the trial court, there is nothing for this court to do but to affirm the judgment.

It is so ordered.